**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**

**Dated: June 30, 2009**

J. Vincent Aug, Jr.
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re                                                          Case No. 09-11235
Milacron, Inc.,
              Debtor(s)                          Chapter 11 (Judge Aug)
                                       Jointly Administered

**SUPPLEMENTAL ORDER RE: DEBTORS' MOTION FOR SALE ORDER**

       This matter is before the Court on the Debtors' Motion for a Sale Order under 11 U.S.C. §§105(a), 363, and 365 (Docs. 307, 338, 468) and the Objections thereto filed by Robert Spreen, et al., (Docs. 454), Ferromatik Milacron India Limited (FMIL)(Doc. 506, 526, 533), the Official Committee of Unsecured Creditors (Docs. 520), and Milacron Retired Executive Group (Doc. 516).

       For the reasons set forth in Debtors' Reply (Doc. 528) and the Purchaser's Response (Doc. 532), and for the reasons stated from the bench as supplemented herein, the Objections are hereby OVERRULED.

       The retirees' two main concerns are the viability of their pension plan and the viability of their medical benefits. The former will be protected to the extent possible under law by the Pension Benefit Guaranty Corporation. With regard to the latter, the retirees are concerned that the purchaser will not have adequate funding to meet its obligations. The retirees have always been at risk of losing their medical benefits because this plan could have been unilaterally terminated at any time by the employer by the terms of the plan itself. The purchaser has agreed to assume this benefit plan. Thus, in reality, the retirees have been able to maintain their status quo. This is not a basis to deny the Debtors' motion.

       FMIL's objection is based on its contention that it has a right of first refusal that is being denied. The Debtor contends that FMIL does not have an enforceable right of first refusal.

Both the Debtor and FMIL agree that this dispute is to be determined under Indian law and FMIL has initiated a proceeding in India to resolve this dispute. If FMIL prevails in its chosen forum, we assume it will be granted a remedy.[1] This is not a basis to deny the Debtor's motion.

The Committee's Objection, which was joined by the Milacron Retired Executive Group, is based on the contention that the sales price is insufficient. We respectfully disagree. It was necessary to sell this company as quickly as possible in order to save as many jobs as possible and to preserve the going concern value. There is very limited financing available given these very uncertain economic times. We also found the Committee's own expert witness to be very persuasive on this issue; even he agreed that "something had to be done."

IT IS SO ORDERED.

copy to:
    Debtor(s)
    Robert Goering, Esq.
    Sean Malloy, Esq.
    Ronald Gold, Esq.
    Richard Nelson, Esq.
    U.S. Trustee

# # #

---

[1] If FMIL loses in its chosen forum, its objection would be moot.