# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# FOR THE WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Milacron Inc., *et al.* | ) | Case No. 09-11235, 09-11236, 09- |
| | ) | 11327, 09-11238, 09-11239, 09-11241, |
| Debtors. | ) | and 09-11244 |
| | ) | |
| | ) | Jointly Administered (09-11235) |
| | ) | |
| | ) | Judge Aug |

**MOTION TO AMEND THE ORDER GRANTING THE FINAL APPLICATION OF TAFT, STETTINIUS & HOLLISTER LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF <u>COMPENSATION AND REIMBURSEMENT OF EXPENSES</u>**

Taft, Stettinius & Hollister LLP, ("Applicant"), counsel for the Official Committee of Unsecured Creditors (the "Committee") of Milacron, Inc., *et al* (the "Debtors"), hereby seeks to amend (the "Motion to Amend") the Order Granting Final Application of Taft Stettinius & Hollister L.L.P. Counsel to the Committee, For Allowance of Compensation and Reimbursement of Expenses dated September 25, 2009 (Doc. No. 784) (the "Fee Order") in order to include fees and expenses incurred by the Applicant in excess of the estimate approved in the Fee Order for the representation of the Committee from September 1, 2009 through the close of these cases or their conversion to Chapter 7 (the "Compensation Period"). The Applicant respectfully requests that the Court amend the Fee Order and approve and allow the fees for services rendered to and expenses incurred on behalf of the Committee during the Compensation Period in an aggregate amount not to exceed $90,000. In support of this Motion to Amend, Applicant respectfully states as follows:

11675796.1

**BACKGROUND**

1. On March 10, 2009 (the "Petition Date"), the Debtors commenced this case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Court has entered an order authorizing the joint administration of these Chapter 11 cases. By order dated June 30, 2009 (the "Sale Order"), the Court approved the sale of substantially all of the Debtors' assets.

2. On March 16, 2009, the United States Trustee appointed an Official Committee of Unsecured Creditors (Doc. No. 111). The Committee selected Taft as proposed counsel to represent the Committee in all matters during the pendency of these Chapter 11 cases.

3. On April 13, 2009, the Court entered its Final Order Authorizing Retention of Taft, Stettinius & Hollister LLP as Counsel for the Official Committee of Unsecured Creditors (Doc. No. 275) approving the Applicant's employment by the Committee.

4. On March 12, 2009, the Court entered its Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Interim Procedures Order") (Doc. No. 60).

5. On August 27, 2009, the Final Application of Taft, Stettinius & Hollister LLP, Counsel to the Committee, For Allowance of Compensation and Reimbursement of Expenses (the "Application") was filed (Doc. No. 733).

6. The Fee Order granted the Application and approved and allowed Applicant's fees in the amount of $645,060.00 and Applicants' expenses in the amount of $7,719.82 for the period March 16, 2009 through August 31, 2009. The Fee Order also approved and allowed additional fees and expenses from September 1, 2009 through the closing of the cases or their conversion to Chapter 7 in an amount not to exceed $30,000.00. Pursuant to the Purchase Agreement (as defined in the Sale

Order) and the Sale Order and related orders, the Purchaser (as defined in the Sale Order) is responsible for paying these additional fees and expenses.

7. These bankruptcy cases, however, have not proceeded on the timetable that was anticipated when the Fee Order was entered. Specifically, the Debtors have had prolonged negotiations with the Pension Benefit Guaranty Corporation regarding termination of the Milacron Retirement Plan and the resulting claims and other matters that have delayed the expected date of closing or converting these cases. During the period, Applicant has continued to review filings, respond to creditor inquiries and perform other services as appropriate, and as a result Applicant's fees have exceeded the estimated amount allowed in the Fee Order. Applicant anticipates that additional fees and expenses will be incurred before the close of the cases or their conversion to Chapter 7.

8. During the period from September 1, 2009 through February 28, 2010, the Applicant's fees totaled $53,224.50 and its expenses $302.23, for a total of $53.526.73. The Purchaser has paid $30,000 of these fees and expenses pursuant to the Fee Order. The Applicant estimates that its additional fees and expenses through the close of these cases or their conversion to Chapter 7 will not exceed $37,000.00.

## RELIEF REQUESTED

9. Due to the delays in the closing of these cases or their conversion to Chapter 7 and the resulting additional time and expenses Applicant has spent in representing the Committee, by this Motion to Amend the Applicant seeks to modify the Fee Order to approve and allow the fees for services rendered to and expenses incurred on behalf of the Committee during the Compensation Period in an aggregate amount not to exceed $90,000.

## JURISDICTION

10. This Court has jurisdiction over this matter pursuant to Sections 157 and 1334 of Title 28 of the United States Code. This Application presents a core proceeding pursuant to 157(b) of the United States Code. This Application is brought pursuant to Section 330 of the Bankruptcy Code and Local Bankruptcy Rule 2016.

## DESCRIPTION OF PROFESSIONAL SERVICES RENDERED AND EXPENSES INCURRED

11. Applicant has submitted and Purchaser has paid in part monthly statements pursuant to the terms of the Fee Order:

   a) For September 1 through September 30, 2009: Fees of $18,016.50 and expenses of $244.78 for a total of $18,261.28.

   b) For October 1 through October 31, 2009: Fees of $8,588.50 and expenses of $22.05 for a total of $8610.58.

   c) For November 1 through November 30, 2009: Fees of $4,122.50 and expenses of $18.45 for a total of $4,140.95.

   d) For December 1 through December 31, 2009: Fees of $7,549.50 and no expenses for a total of $7,549.50.

   e) For January 1, through January 31, 2010: Fees of $4,238.50 and no expenses for a total of $4,238.50.

   f) For February 1 through February 28, 2010: Fees of $9,030.95 and expenses of $16.95 for a total of $10,725.95.

12. All of the professional services for which compensation is requested were rendered solely in connection with these Chapter 11 cases and on behalf of the Committee in discharge of Applicant's professional responsibilities. The services performed were actual and necessary to the administration of these cases and were beneficial at the time at which the services were rendered.

11675796.1

## NO PRIOR REQUEST

13.  No prior request for the relief sought in this Application has been made to this or any other Court.

## NOTICE

14.  Concurrently with filing this Motion to Amend, the Debtors and the Committee are jointly filing a Motion to Limit Service. If the Motion to Limit Service is granted, the Debtors and Committee will serve this Motion to Amend, along with the Notice of the Motion to Amend, a draft of which is attached hereto as Exhibit A (the "Notice"), upon: (i) the Debtors, (ii) the parties receiving notice of the Monthly Statements, (iii) the Purchaser and (iv) all parties filing a Notice of Appearance or otherwise identified on the Special Notice List as maintained pursuant to the Notice, Case Management, and Administrative Procedures (Doc. No. 109). If the Motion to Limit Service is not granted, the Committee will serve this Motion to Amend on all parties served with the Application. The Committee believes such notice is appropriate and satisfies all notice requirements under the circumstances.

## SUMMARY AND CONCLUSION

15.  During the Compensation Period, Applicant's incurred fees in the amount of $42,515.53 and expenses of $285.28, for a total of $42,800.81. The Applicant estimates that its additional fees and expenses through the close of these cases or their conversion to Chapter 7 will not exceed $47,000.00.

16.  Applicant has not previously sought compensation or reimbursement of expenses in connection with this case during the Compensation Period other than as provided in the Interim Procedures Order and the Fee Order.

17. Applicant has not shared and will not share with others compensation for services rendered in this case, except for the sharing of such compensation among the partners of the Applicant, as permitted by Federal Rule of Bankruptcy Procedure 2016.

WHEREFORE, Applicant respectfully requests that the Court approve this Motion to Amend and enter an order (a) amending the Fee Order to approve and allow the fees for services rendered to and expenses incurred on behalf of the Committee during the Compensation Period in an aggregate amount not to exceed $90,000; (b) approving such amount as an administrative expense in this case; and (c) authorizing and directing the immediate payment of such amount, to the extent not already paid, pursuant to the Fee Order; and (d) granting to Applicant such other and further relief as is just.

Dated: March 31, 2010

Respectfully submitted,

**TAFT STETTINIUS & HOLLISTER LLP**

By: /s/ Timothy J. Hurley
    Timothy J. Hurley (0006458)
    W. Timothy Miller (0059952)
    425 Walnut Street, Suite 1800
    Cincinnati, OH 45202
    (513) 381-2838 (Telephone)
    (513) 381-0205 (Facsimile)
    hurley@taftlaw.com
    miller@taftlaw.com
    **ATTORNEYS FOR**
    **OFFICIAL COMMITTEE OF UNSECURED**
    **CREDITORS**

11675796.1