# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| In re: <br> **MILACRON** et al. <br> Debtors. [1] | Chapter 11 <br> Case No. 09-11235 (JVA) <br> Jointly Administered |

## DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 363 AND 1112 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1017 AND 1019, CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CHAPTER 7 AND AUTHORIZING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, pursuant to sections 105, 363 and 1112 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code") and Rules 1017 and 1019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code and authorizing related relief. In support of this Motion, the Debtors respectfully represent as follows:

### Jurisdiction And Venue

1.  This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1112 of the Bankruptcy Code, along with Bankruptcy Rules 1017 and 1019.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: MI 2009 Inc. (f/k/a Milacron Inc.) (2125); CIP 2009 Inc. (f/k/a Cimcool Industrial Products, Inc.) (1002); MMC 2009 Inc. (f/k/a Milacron Marketing Company) (0580); MPTG 2009 Inc., (f/k/a Milacron Plastics Technology Group) (1007); EMD 2009 Inc. (f/k/a D-M-E Company Inc.) (3086); 1787230 Ontario Limited (f/k/a Milacron Canada Limited) (7230); and MCH 2009 B.V. (f/k/a Milacron Capital Holdings B.V.) (7203). The corporate headquarters address of these Debtors is: 4165 Half Acre Road, Batavia, Ohio 45103.

1829649v1

## Background

2. The Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code on March 10, 2009 (the "Commencement Date"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their affairs as debtors-in-possession. On March 16, 2009, the Official Committee of Unsecured Creditors was appointed (Doc. No. 111).

3. The Debtors were a major solutions provider to the plastics-processing industries and a leading supplier of premium industrial fluids to metalworking industries. The Debtors delivered advanced technology and superior aftermarket service with a focus on the success of its customers worldwide. The Debtors had a diversified plastics customer base with customers in industries as wide-ranging as automotive, consumer goods, housewares, building materials, packaging, medical, and electronics. Fluid customers included the automotive, industrial components and machinery, aerospace, appliances, HVAC, oil and primary metals, and off-road equipment industries.

4. Prior to their bankruptcy filing, the Debtors entered into a Restructuring Support Agreement ("RSA") with holders of approximately 78% (the "Initial Sponsors") of Milacron's 11-1/2% Senior Secured Notes (the "Senior Secured Notes", and the holders thereof, the "Noteholders"), in connection with a comprehensive financial restructuring of the Debtors. The proposed restructuring included a debtor in possession term loan facility by the Initial Sponsors and the holders of approximately 18% more of the Senior Secured Notes (the "DIP Term Loan Facility" and the lenders from time to time party thereto, the "DIP Term Loan Lenders") and contemplated that the DIP Term Loan Lenders would purchase substantially all of the Debtors' assets, subject to an auction process and the receipt of higher and better bids. Additionally, the Debtors received a debtor in possession asset-based revolving credit facility from General Electric Capital Corporation, which replaced the Debtors' prepetition asset-based financing facility.

2

5. Effective May 3, 2009, the Debtors entered into a purchase agreement (as amended, the "Purchase Agreement") with MI 363 Bid LLC ("MB LLC" or the "Purchaser"), an entity controlled by the Initial Sponsors and other participating holders of Senior Secured Notes, whereby MB LLC would purchase substantially all of the Debtors' assets, subject to an auction process and the receipt of higher and better offers. On June 30, 2009, the Court entered its Order (the "Sale Order") Under 11 U.S.C. §§ 105(a), 363 and 365 and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure: (A) Approving the Purchase Agreement; and (B) Authorizing (I) the Sale of Substantially all of the Debtors' Assets and the Parent Stock Free and Clear of Liens, Claims and Encumbrances and (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (Doc. No. 544) authorizing the Debtors to sell all or substantially all of the Debtors' assets to the Purchaser (the "Sale"). The Sale closed effective August 21, 2009.

6. At the time of the Sale, substantially all assets of the estate were transferred to the Purchaser, and the Purchaser continues to operate the business on an ongoing basis. The assets not included in the Sale included stock held in The Factory Power Company and real property located in Charlevoix, MI. In addition, the estate had outstanding issues related to a right of first refusal contained within a joint venture agreement with the Patel family, and related litigation in India. The Debtors believe each of these remaining outstanding issues has been resolved, to the extent practicable, by the bankruptcy estate.

7. Pursuant to an Order of this Court dated October 5, 2010 [Doc. No. 954], the Debtors sold their stock in The Factory Power Company. The funds obtained from the sale have been deposited into estate accounts and is available for the payment of administrative expenses, or other priority obligations of the estates.

8. The litigation with the Patel family has resulted in a settlement between the Purchaser and Patel. As a result of the settlement agreement, the litigation is no longer ongoing and the estate is relieved of any potential liability arising from the sale of the joint venture and any potential violation of the right of first refusal.

9. The only issue that remains outstanding is the Debtors' interest in real property located in Charlevoix, MI. The Debtors have attempted to sell the property, without success. At this time, the Debtors do not believe continued marketing of the property by the estate or using estate assets to pursue other sales methods will result in a positive return on investment.

10. Finally, Avenue Special Situations Fund IV, L.P. and certain of its affiliate entities have filed a Motion to Commence and Prosecute Causes of Action Against Certain Directors and Officers of the Debtors. While this action, if ultimately brought, could potentially yield a recovery on behalf of the estate, any such recovery inures to the benefit of the Purchaser under the terms of the Purchase Agreement. As a result, the Debtor does not believe this ongoing litigation has any bearing on the estate or its decision to convert this case to one under chapter 7.

11. As the Debtors do not believe any further benefit is obtainable by maintaining their status as a chapter 11 debtor in possession, the Debtors believe the time is appropriate to convert these proceedings to a case under chapter 7 of the Bankruptcy Code.

12. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 filings are contained in the Declaration of David E. Lawrence in Support of First Day Motions and Applications, filed March 10, 2009 (Doc. No. 34).

## Relief Requested

13. By this Motion, the Debtors seek an order, pursuant to section 1112 of the Bankruptcy Code and Bankruptcy Rules 1017 and 1019, converting the chapter 11 cases of the Debtors to cases under chapter 7 of the Bankruptcy Code.

14. The Debtors also seek an order pursuant to sections 105 and 363 of the Bankruptcy Code authorizing the Purchaser to act on the Debtors' behalf with respect to the assets transferred pursuant to the Purchase Agreement (the "Transferred Assets").

**Satisfaction of Applicable Legal Standards**

**I. The Requirements to Convert the Cases to Chapter 7 Have Been Met.**

15. Section 1112(a) of the Bankruptcy Code governs the conversion of chapter 11 cases to cases under chapter 7. That section provides that:

   a) The debtor may convert a case under this chapter to a case under chapter 7 of this title unless—

   (i) the debtor is not a debtor-in-possession;

   (ii) the case originally was commenced as an involuntary case under this chapter; or

   (iii) the case was converted to a case under this chapter other than on the debtor's request.

11 U.S.C. § 1112(a). Because subdivisions (i), (ii) and (iii) of section 1112(a) of the Bankruptcy Code are inapplicable here, the Debtors may convert the chapter 11 cases of the Debtors to chapter 7 cases as a matter of right. *See In re Dieckhaus Stationers of King of Prussia Inc.*, 73 B.R. 969, 971 (Bankr. E.D. Pa. 1987). ("[Section 1112(a)] by its terms gives the debtor an absolute right to convert, unless the case is governed by one of the enumerated exceptions."); *see also In re Schuler*, 119 B.R. 191, 192 (Bankr. W.D. Mo. 1990) (same).

16. The Debtors have determined, in their business judgment, that it is in the best interests of their estates to convert the chapter 11 cases of the Debtors to cases under chapter 7 of the Bankruptcy Code. As set forth above, in connection with the auction and sale process in these chapter 11 cases, the Court entered various orders pursuant to which the Debtors sold substantially all of Debtors' assets. Consequently, the Debtors no longer conduct any business operations.

5

17. In light of the foregoing, the economic reality of these chapter 11 cases is that (a) there is no reasonable likelihood for the rehabilitation of these entities, and (b) the Debtors cannot realistically effectuate a chapter 11 plan of liquidation.

18. The Debtors therefore believe, based on their business judgment, that it is in the best interest of their estates and creditors to convert the chapter 11 cases of the Debtors to cases under chapter 7 of the Bankruptcy Code.

## II. The Purchaser Should Be Authorized to Act on the Debtors' Behalf with respect to the Transferred Assets.

19. The Debtors seek to authorize the Purchaser to act on the Debtors' behalf, with full authority as if speaking directly for the Debtors, with respect to the Transferred Assets. This authority is necessary for the Debtors to fully comply with both the Purchase Agreement and the Sale Order.

20. Section 363(b)(1) of the Bankruptcy Court provides, in relevant part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). In general, the Debtor may use property of the estate outside of the ordinary course of its business where the use of such property represents an exercise of the Debtor's sound business judgment. See, e.g., Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (citing Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983)); see also In re Martin, 91 F.3d 389, 395 (3d Cir. 1996) (citing Fulton State Bank v. Schipper (In re Schipper), 933 F.2d 513, 515 (7th Cir. 1991)); In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business judgment test of Lionel Corp.).

21. Section 105(a) of the Bankruptcy Code empowers a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy

Code]." 11 U.S.C. §105(a). Accordingly, bankruptcy courts frequently utilize their equitable powers under section 105(a) to authorize a debtor to take actions, such as those requested here, that are consistent with the provisions of the Bankruptcy Code. See In re Middleton Arms Ltd. P'ship, 934 F.2d 723, 725 (6th Cir. 1991) ("The equitable powers of section 105(a) may only be used in furtherance of the goals of the [Bankruptcy] Code."); In re Victoria Alloys, Inc., 261 B.R. 424, 435 (Bankr. N.D. Ohio 2001) ("The power of the Court to invoke §105(a) is restricted to instances in which no provision of title 11 dictates an inconsistent result."). Accordingly, an order under section 105(a) of the Bankruptcy Code is appropriate "to carry out" the provisions of the Bankruptcy Code.

22. The Debtors sold the Transferred Assets to the Purchaser and, as a result, agreed to carry out certain actions with respect to those Transferred Assets. Once these cases are converted to Chapter 7, the Purchaser needs the authority to act on the Debtors' behalf with respect to the Transferred Assets to ensure the Debtors remain compliant with the Purchase Agreement. By acting on the Debtors' behalf solely with respect to the Transferred Assets, the Purchaser will not impact the Debtors' estates or creditors in any way because the Transferred Assets are solely the Purchaser's property.

23. The Debtors believe in their sound business judgment that authorizing the Purchaser to act on their behalf with respect to the Transferred Assets is the best and most reasonable way to ensure the Debtors remain compliant with the Purchase Agreement. Accordingly, this Court should authorize the Purchaser to act on the Debtors' behalf with respect to the Transferred Assets.

## Waiver of Memorandum of Law

24. This Motion includes citations to the applicable authorities and a discussion of their application to this Motion. Accordingly, the Debtors respectfully submit that such citations and discussion satisfy the requirement that the Debtors submit a separate memorandum of law in support of this Motion pursuant to LBR 9013-1(a).

## Notice

25. No trustee or examiner has been appointed in these chapter 11 cases. A copy of the Motion shall be served upon all parties on the Special Notice List established in these chapter 11 cases pursuant to the Administrative Order Establishing Certain Special Notice, Scheduling and Case Management Procedures Pursuant to Rules 2002 and 9007 of the Bankruptcy Rules (the "Special Notice List") (Doc. No. 54). In addition, pursuant to Bankruptcy Rules 2002(a) and (d), a notice of hearing, substantially in the form attached as **Exhibit A**, shall be served upon (i) the Special Notice List; (ii) all creditors; and (iii) all equity security holders. In light of the requested relief, the Debtors submit that no further notice is required.

## No Prior Request

26. No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit B**, converting the Chapter 11 cases of the Debtors to cases under chapter 7 of the Bankruptcy Code and granting the Debtors such other and further relief as is just and proper.

Dated: November 5, 2010
Cincinnati, Ohio

Respectfully submitted,

**DINSMORE AND SHOHL, LLP**

*/s/ Kim Martin Lewis*
Kim Martin Lewis (OH #0043533)
Tim J. Robinson (OH #0046668)
Patrick D. Burns (OH #0081111)
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
kim.lewis@dinslaw.com
tim.robinson@dinslaw.com
patrick.burns@dinslaw.com

Counsel to the Debtors and
Debtors-in-Possession

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| In re: <br> MILACRON et al. <br> Debtors. [1] | Chapter 11 <br> Case No. 09-11235 (JVA) <br> Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR AN ORDER, PURSUANT TO SECTIONS 105, 363 AND 1112 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1017 AND 1019 CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CHAPTER 7 AND AUTHORIZING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT**, on November 5, 2010, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Motion of the Debtors for an Order, pursuant to sections 105, 363 and 1112 of the Bankruptcy Code and Rules 1017 and 1019 of the Federal Rules of Bankruptcy Procedure, converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code and authorizing related relief (the "Motion") [Doc. No. __].

The Objection Deadline to file a response or objection to the Motion is **November 30, 2010 at 4:00 p.m. (Eastern Daylight Time).** If any Responses are timely filed, the Court will set a hearing date at its convenience. In the event that no Responses are timely filed, the Court may enter the Final Order without a hearing in accordance with Local Bankruptcy Rule 9013-1(d).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: MI 2009 Inc. (f/k/a Milacron Inc.) (2125); CIP 2009 Inc. (f/k/a Cimcool Industrial Products, Inc.) (1002); MMC 2009 Inc. (f/k/a Milacron Marketing Company) (0580); MPTG 2009 Inc., (f/k/a Milacron Plastics Technology Group) (1007); EMD 2009 Inc. (f/k/a D-M-E Company Inc.) (3086); 1787230 Ontario Limited (f/k/a Milacron Canada Limited) (7230); and MCH 2009 B.V. (f/k/a Milacron Capital Holdings B.V.) (7203). The corporate headquarters address of these Debtors is: 4165 Half Acre Road, Batavia, Ohio 45103.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you do not want the Court to grant the relief requested in the Motions, or if you want the Court to consider your views on the Motions, then you must also attend the Hearing.**

**PLEASE TAKE FURTHER NOTICE THAT**, anyone who wishes to obtain a copy of the Motion can do so by either (a) visiting the Debtors' Claims Agent, Kurtzman Carson Consultants' website at **http://www.kccllc.net/milacron** or (b) by emailing your request to: Lisa Geeding at lisa.geeding@dinslaw.com.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motions and may enter an order granting that relief pursuant to LBR 9013-1(d).

Dated: November __, 2010  
      Cincinnati, Ohio

Respectfully submitted,  
DINSMORE & SHOHL LLP

*/s/ Kim Martin Lewis*  
Kim Martin Lewis (OH #0043533)  
Tim J. Robinson (OH #0046668)  
Patrick D. Burns (OH #0081111)  
255 East Fifth Street, Suite 1900  
Cincinnati, Ohio 45202  
Telephone: (513) 977-8200  
Facsimile: (513) 977-8141  
kim.lewis@dinslaw.com  
tim.robinson@dinslaw.com  
patrick.burns@dinslaw.com

Counsel for the Debtors and  
Debtors-in-Possession

# EXHIBIT B

# PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| In re: <br><br> MILACRON et al. <br><br> Debtors. [1] | Chapter 11 <br><br> Case No. 09-11235 (JVA) <br><br> Jointly Administered |

### ORDER, PURSUANT TO SECTIONS 105, 363 AND 1112 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1017 AND 1019, CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CHAPTER 7 AND AUTHORIZING RELATED RELIEF

This matter is before the Court on the Motion [2] of the Debtors for an Order, pursuant to sections 105, 363 and 1112 of the Bankruptcy Code and Rules 1017 and 1019 of the Federal Rules of Bankruptcy Procedure, converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code and authorizing related relief [Doc. No. ___]; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors and other parties-in-interest; the Court having reviewed the Motion and all pleadings related thereto; and the Court having determined that the legal and factual bases set forth in the Motion establishes just cause for the relief granted herein;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: MI 2009 Inc. (f/k/a Milacron Inc.) (2125); CIP 2009 Inc. (f/k/a Cimcool Industrial Products, Inc.) (1002); MMC 2009 Inc. (f/k/a Milacron Marketing Company) (0580); MPTG 2009 Inc., (f/k/a Milacron Plastics Technology Group) (1007); EMD 2009 Inc. (f/k/a D-M-E Company Inc.) (3086); 1787230 Ontario Limited (f/k/a Milacron Canada Limited) (7230); and MCH 2009 B.V. (f/k/a Milacron Capital Holdings B.V.) (7203). The corporate headquarters address of these Debtors is: 4165 Half Acre Road, Batavia, Ohio 45103.

[2] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors have sold substantially all of their assets, terminated any remaining business operations, and there is no reasonable likelihood of their rehabilitation.

C. The Debtors have demonstrated sufficient cause for converting their chapter 11 to cases under chapter 7 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Pursuant to section 1112 of the Bankruptcy Code and Bankruptcy Rules 1017 and 1019, the chapter 11 cases of the Debtors are hereby converted, effective as of the date and time of entry of this Order, to cases under chapter 7 of the Bankruptcy Code.

3. The Debtors shall:

   a) Turn over to the interim chapter 7 trustee, once one is appointed, all records and property of the Debtors estates under their custody and control, as required by Bankruptcy Rule 1019(4);

   b) Within fifteen (15) days of entry of this Order, file a schedule of unpaid debts with respect to the debts the Debtors incurred after the commencement of this case, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5);

   c) Within thirty (30) days of entry of this Order, file and transmit to the U.S. Trustee a final report and account, as required by Bankruptcy Rule 1019(5)(A).

4. The Purchaser is hereby authorized to act on the Debtors' behalf, as if acting with the full authority of the Debtors, solely with respect to the Transferred Assets.

5. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

###