**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



J. Vincent Aug, Jr.
United States Bankruptcy Judge

**Dated: December 15, 2010**

_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| In re:<br>MI 2009 INC. et al.<br>Debtors. [1] | Chapter 11<br>Case No. 09-11235 (JVA)<br>Jointly Administered |

### ORDER, PURSUANT TO SECTIONS 105, 363 AND 1112 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1017 AND 1019, CONVERTING THE DEBTORS' CHAPTER 11 CASES TO CHAPTER 7 AND AUTHORIZING RELATED RELIEF

This matter is before the Court on the Motion [2] of the Debtors for an Order, pursuant to sections 105, 363 and 1112 of the Bankruptcy Code and Rules 1017 and 1019 of the Federal Rules of Bankruptcy Procedure, converting the Debtors' chapter 11 cases to cases under chapter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: MI 2009 Inc. (f/k/a Milacron Inc.) (2125); CIP 2009 Inc. (f/k/a Cimcool Industrial Products, Inc.) (1002); MMC 2009 Inc. (f/k/a Milacron Marketing Company) (0580); MPTG 2009 Inc., (f/k/a Milacron Plastics Technology Group) (1007); EMD 2009 Inc. (f/k/a D-M-E Company Inc.) (3086); 1787230 Ontario Limited (f/k/a Milacron Canada Limited) (7230); and MCH 2009 B.V. (f/k/a Milacron Capital Holdings B.V.) (7203). The corporate headquarters address of these Debtors is: 4165 Half Acre Road, Batavia, Ohio 45103.

[2] Capitalized terms not defined herein shall have the meaning given to them in the Motion.

7 of the Bankruptcy Code and authorizing related relief [Doc. No. 974]; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates and creditors and other parties-in-interest; the Court having reviewed the Motion and all pleadings related thereto; and the Court having determined that the legal and factual bases set forth in the Motion establishes just cause for the relief granted herein;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors have sold substantially all of their assets, terminated any remaining business operations, and there is no reasonable likelihood of their rehabilitation.

C. The Debtors have demonstrated sufficient cause for converting their chapter 11 to cases under chapter 7 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED insofar as the chapter 11 cases of the Debtors are hereby converted, effective as of the date and time of entry of this Order, to cases under chapter 7 of the Bankruptcy Code, pursuant to section 1112 of the Bankruptcy Code and Bankruptcy Rules 1017 and 1019,.

2. The Debtors shall:

   a) Subject to the terms of the Purchase Agreement [3], turn over to the interim chapter 7 trustee, once one is appointed, all records and property of the Debtors estates under their custody and control, as required by Bankruptcy Rule 1019(4);

---

[3] All capitalized terms not defined herein shall have the meaning ascribed to them in the Sale Order (as defined below).

b) Within fifteen (15) days of entry of this Order, file a schedule of unpaid debts with respect to the debts the Debtors incurred after the commencement of this case, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5);

c) Within thirty (30) days of entry of this Order, file and transmit to the U.S. Trustee a final report and account, as required by Bankruptcy Rule 1019(5)(A).

3. Except as provided in paragraph 4 below, the Purchaser is hereby authorized to act on the Debtors' behalf, as if acting with the full authority of the Debtors, solely with respect to the Transferred Assets.

4. Notwithstanding any provisions of this Order to the contrary, nothing contained herein shall (i) alter the Purchase Agreement or Sale Order; or (ii) affect the rights of any party with respect to or be deemed dispositive of or relevant to any issue concerning the Motion for an Order Authorizing Certain Noteholders to Commence and Prosecute Causes of Action Against Certain Directors and Officers of the Debtors on the Debtors' Behalf (Doc. No. 895), the Amended Motion for an Order Authorizing Certain Noteholders to Commence and Prosecute Causes of Action Against Certain Directors and Officers of the Debtors on the Debtors' Behalf (Doc. No. 919), the proposed complaints attached to those two motions (Doc. Nos. 895-1 and 919-1), or any current or subsequent proceedings on the subject of those motions or complaints, including the parties' right to discovery under Rule 2019 of the Federal Rules of Bankruptcy Procedure.

5. Except as set forth herein, in the Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure: (a) Approving the Purchase Agreement; and (b) Authorizing (I) the Sale of Substantially All of the Debtors' Assets and the Parent Stock Free and Clear of Liens, Claims and Encumbrances and (II) the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, as

entered by this Court on June 30, 2009 (as supplemented, the "Sale Order") )[Doc. No. 544], or in the Purchase Agreement, the chapter 7 trustee shall have all rights and claims of the Debtors and the Official Committee of Unsecured Creditors, including without limitation, those rights and claims set forth in the Sale Order.

6. This Order and all future pleadings and other documents filed with this Court shall use the caption as set forth on Exhibit A, attached to this Order.

7. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

**EXHIBIT A**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MI 2009 INC. et al.** | **Case No. 09-11235 (JVA)** |
| **Debtors.** [1] | **Jointly Administered** |

###

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: MI 2009 Inc. (f/k/a Milacron Inc.) (2125); CIP 2009 Inc. (f/k/a Cimcool Industrial Products, Inc.) (1002); MMC 2009 Inc. (f/k/a Milacron Marketing Company) (0580); MPTG 2009 Inc., (f/k/a Milacron Plastics Technology Group) (1007); EMD 2009 Inc. (f/k/a D-M-E Company Inc.) (3086); 1787230 Ontario Limited (f/k/a Milacron Canada Limited) (7230); and MCH 2009 B.V. (f/k/a Milacron Capital Holdings B.V.) (7203). The corporate headquarters address of these Debtors is: 4165 Half Acre Road, Batavia, Ohio 45103.